IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ADA JUDITH LOPEZ, | * | |
| PLAINTIFF | * | CIVIL ACTION FILE NO: |
| v. | * | 4:15-cv-19 (CDL) |
| VALLEY HEALTHCARE SYSTEM, INC. and JENNIFER D. B. MELVIN, individually | * | Jury Trial Demanded |
| | * | |
| | * | |
| DEFENDANTS | | |

## **COMPLAINT**

## INTRODUCTION

COMES NOW Plaintiff in the above styled matter and files this Complaint for damages, and in support of this Complaint shows the Court as follows, to wit:

Plaintiff Ada Judith Lopez, by and through the undersigned counsel, brings this Complaint against Defendants Valley Healthcare System, Inc. ("Valley") and Jennifer D. B. Melvin ("Melvin") and pleads as follows:

## SUMMARY OF ACTION

1.

This is an action for damages against Defendants arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA")

to recover due, but unpaid, overtime compensation and an additional amount as liquidated damages and to be reimbursed for her costs of litigation, including her reasonable attorneys' fees.

2.

Plaintiff was an hourly, non-exempt employee of Defendants and brings this action under the FLSA for unpaid overtime that accrued during the period of her employment with the same.

## JURISDICTION

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Middle District of Georgia, Columbus Division, under 28 U.S.C. §1391 because Valley is located in this judicial district; and all the events giving rise to the claims herein occurred in this judicial district.

## PARTIES

5.

Plaintiff in this case is a female citizen of the United States and of the State

of Georgia. For purposes of this action, she submits herself to the jurisdiction of the Court.

6.

Defendant Valley Healthcare System, Inc. in this case is a DOMESTIC corporation and has its principal place of business located at 1600 Fort Benning Road, Columbus, Georgia 31903.  Defendant VALLEY may be served with process at the office of its registered agent for service of process: Valley Healthcare System, Inc. c/o W. Donald Morgan, Esq, Registered Agent, 1661 13th Street, Columbus, GA 31901.

7.

Defendant VALLEY is subject to the personal jurisdiction of this Court.

8.

Defendant, Jennifer D. B. Melvin resides within Muscogee County, Georgia. Melvin is the Chief Financial Officer of Valley, and sets the policies and procedures regarding employee compensation, she is responsible for the classification of hourly/non-exempt employees such that neither she, nor her company, will have to pay overtime that is otherwise required and authorized pursuant to law.  She is an employer as defined by the FLSA.  Defendant Melvin

may be served with process at the location of VALLEY, 1600 Fort Benning Road, Columbus, GA 31903.

9.

Melvin is subject to the personal jurisdiction of this Court.

10.

Plaintiff was employed by Defendants from July 12, 2012 until November 21, 2014. This makes a total of 123 weeks in Defendants' employ, rounded down.

11.

At all times relevant to this suit, Plaintiff was an "employee" of Valley as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

12.

At all times material hereto, Plaintiff has been "engaged in commerce" as an employee of VALLEY as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

At all times material hereto, VALLEY has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

At all times material hereto, VALLEY was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

During 2011, VALLEY had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, VALLEY had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, VALLEY had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, VALLEY had two or more "employees engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2011 VALLEY had an annual gross volume of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2012-2014, VALLEY had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

At all times material hereto, VALLEY was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

22.

At all times material hereto, Melvin exercised operational control over the work activities of Plaintiff.

23.

At all times material hereto, Melvin was involved in the day to day operation of VALLEY.

24.

At all times material hereto, VALLEY vested Melvin with supervisory authority over Plaintiff.

25.

At all times material hereto, Melvin exercised supervisory authority over Plaintiff.

26.

At all times material hereto, Melvin scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

27.

At all times material hereto, Melvin exercised authority and supervision over Plaintiff's compensation.

28.

At all times material hereto, Melvin has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

29.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

30.

At all times material hereto, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 U.S.C. § 213 (a).

31.

At all times material hereto, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 U.S.C. § 213 (a).

32.

At all times material hereto, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 U.S.C. § 213 (a).

33.

At all times material hereto, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 U.S.C. § 213 (a).

## THEORIES OF RECOVERY

## COUNT I — FAILURE TO PAY OVERTIME

34.

During the course of Plaintiff's employment with Defendants she was paid a $12.00 per hour straight time, however, this remuneration did not contemplate the overtime that she worked, as set out herein below. She worked in medical records and was called upon to be a Spanish translator in addition to her regular duties.

35.

Plaintiff normally worked 3 hours more than eight hours daily, Monday through Thursday during the entire period of her employment with Defendants. As a result, Plaintiff would accrue no less than 12 hours per week of overtime for which she was not compensated. Plaintiff was expected to arrive between 8:00 and 8:30 a.m. or before, and would often times not leave from work until well after 7:30 p.m. Usually, Plaintiff would work through her lunch hour because it was not possible to accomplish the tasks assigned by Defendant Melvin. In addition,

Plaintiff would be required by her workload to work, as a general rule, two Saturdays each month, but was not permitted to record this time in VALLEY's computer.

36.

Plaintiff was a non-exempt hourly worker, yet she was not compensated for the 12 hours per week of overtime for which she worked while in Defendants' employ.

37.

Plaintiff worked approximately 50 weeks per year at that schema; from a weekly standpoint, then, Plaintiff grossed $216/week in unpaid overtime. This is expressed as follows:

$216 per week x 50 work weeks per year = $10,800 per year.

38.

Having determined that Plaintiff's base overtime pay was $18/hour, the rate that she should have been paid for a 52 hour work week less 40 hours straight time, the amount owing to Plaintiff, but unpaid, is expressed in Paragraph 37.

39.

As set out above and rounding down, Plaintiff was in Defendants' employ for approximately 123 weeks. During each of those 123 weeks she worked at least

12 hours of overtime for which she was not compensated at the legally mandated rate of 1.5 times her normal hourly wage.

40.

Because she was a non-exempt, hourly employee and not properly an exempt, salaried employee, Plaintiff should have been compensated for the 12 hours of overtime she worked each week at the rate of $18/per hour for the 100 weeks she worked for Defendants.  This is expressed as follows:

12 hrs. per wk. x $18. per hr.= $216  x 123 wks. = $26,568.00 in unpaid overtime.

41.

As a result of Defendants' failure to properly pay Plaintiff her overtime wages in accordance with the law, Plaintiff is entitled to liquidated damages under the FLSA, said liquidated damages being equal to the amount of the unpaid overtime wages due and owing, in addition to the unpaid overtime wages.  This is expressed as follows:

$26,568.00 x 2 (Liq. Dam. multiplier under FLSA) = $53,126.00.

42.

Plaintiff is also entitled to attorney's fees and costs under the FLSA, which are an amount to be determined as litigation progresses.

43.

Plaintiff's job description while in the employ of Defendants was 'Medical Records technician'.

44.

None of Plaintiff's duties with Defendants bring her within the ambit of a recognized legal exemption to the requirement that she be paid minimum wage and overtime; furthermore, Defendants did not consider Plaintiff to be an exempt employee on their records.  As such, by failing to pay Plaintiff for overtime that she worked, Defendants are in violation of the FLSA. Plaintiff is entitled to her litigation costs, including reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II---ATTORNEY"S FEES AND EXPENSES

Plaintiff incorporates by reference the allegations contained in the above paragraphs as if fully stated herein.

45.

Plaintiff is entitled to the costs and expenses associated with bringing and prosecuting this action, to include attorney's fees, pursuant to applicable law as contained within, and applicable to, the statutory causes of action contained herein above.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays as follows:

a) that Summons issue and Defendants be served as by law provided;

b) that Plaintiff be awarded judgment in her favor with respect to all contentions in her Complaint;

c) that Plaintiff be awarded actual and liquidated damages as proven at trial;

d) that Plaintiff be awarded reasonable attorney's fees and expenses of litigation;

e) that all issues triable by jury be tried by a jury;

f) that all costs of this action be taxed to Defendants; and

g) for such other and further relief as unto this Court may seem just and equitable in the premises.

This 13th day of February, 2015.

/S/John W. Roper  
John W. Roper  
Georgia Bar No: 614159

The Roper Law Firm  
5353 Veterans Parkway, Suite D  
Columbus, Georgia  31904  
(706) 596-5353  
johnroper@roperlaw.com

## VERIFICATION

**PERSONALLY APPEARED** before the undersigned officer authorized to administer oaths in and for said County and State, the undersigned party litigant, who being duly sworn and put to oath, does depose and say that the allegations made in the above foregoing pleading are true and correct to the best of the party's knowledge and belief.

This 13th day of February 2015.

_____
JUDITH LOPEZ
Ada Judith Lopez

Sworn to and subscribed before me
this 13th day of February 2015.

_____
Notary Public, State of Georgia
My commission expires: 2-11-2018