IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ADA JUDITH LOPEZ,

Plaintiff,

v.

VALLEY HEALTHCARE SYSTEM, INC. and JENNIFER D.B. MELVIN, individually,

Defendants.

CIVIL ACTION NO. 4:15-cv-00019-CDL

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff Ada Judith Lopez and Defendants Valley Healthcare System, Inc. and Jennifer D.B. Melvin (collectively the "Parties") request Court approval of their Confidential Settlement Agreement and General Release ("Settlement Agreement") resolving Plaintiff's claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, as amended (the "FLSA"), and an order dismissing this lawsuit with prejudice. The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I. FACTUAL BACKGROUND

### A. Allegations

On February 13, 2015, Plaintiff Ada Judith Lopez ("Plaintiff") filed the above-captioned lawsuit alleging that Defendants Valley Healthcare System, Inc. ("Valley Healthcare") and Jennifer D.B. Melvin ("Melvin") failed to pay her overtime wages under the FLSA in connection with work she performed while working for Valley Healthcare from July, 2012 until November, 2014. Specifically, Plaintiff claims that throughout her employment with Valley Healthcare, she

consistently worked 10-12 hours of overtime per week for which she was not compensated. Plaintiff has not made any class or collective allegations and does not purport to represent a class or collective of individuals.

Defendants deny all of Plaintiff's claims. Specifically, Defendants contend that Plaintiff was paid for all overtime due, and that, in fact, Plaintiff's time and payroll records show that Plaintiff was often paid overtime and that she was properly paid time and one-half for all overtime hours reported. Accordingly, a bona fide dispute between the Parties exists regarding whether Plaintiff worked additional overtime hours for which she was not compensated.

**B.     Settlement Negotiations**

During the litigation of this case, the parties engaged in written discovery, depositions, and a mediation before a private mediator, in which the parties exchanged documents and information. For example, Defendants provided Plaintiff with copies of her time sheets and payroll records reflecting Plaintiff's time worked and pay during her employment with Valley Healthcare. Defendants also provided Plaintiff with documents and information reflecting Plaintiff's schedule and absence history during her employment with Valley Healthcare, which Defendants contend refute Plaintiff's off-the-clock allegations. Plaintiff also produced documents and information reflecting the income she earned from Valley Healthcare and the number of hours she worked during her employment with Valley Healthcare. Throughout the discovery process, the Parties continued to analyze Plaintiff's allegations in the context of the records and information produced by the Parties.

During this time, arms-length settlement negotiations were also held between the Parties, during which the attorneys for the Parties exchanged correspondence, cited case law and regulations, and discussed the results of their respective fact investigations. The Parties also attended a mediation before a private mediator. Although the matter was not settled at the

mediation, the Parties continued informal settlement discussions. Plaintiff was represented by counsel throughout this process.

On January 13, 2016, the Parties reached an agreement subject to final signed settlement documentation and this Court's approval to amicably settle this litigation. The terms and conditions of settlement reflected in the Settlement Agreement are a product of the above-referenced negotiations and represent a reasonable compromise of the disputed issues in this case. The Parties have signed the Settlement Agreement and the only remaining contingency is this Court's approval of the settlement. The Parties' agreed-to settlement amount recognizes the inherent risks and costs of litigation and provides additional consideration to Plaintiff for her general release of claims and other consideration and covenants, including but not limited to confidentiality, to which the Parties agreed as part of this settlement. The Parties respectfully request that the Court review and approve the Settlement Agreement between Plaintiff and Defendants.

Significantly, although Defendants vehemently maintain that Plaintiff is not entitled to the benefits conferred upon her in the Parties' Settlement Agreement, Defendants agreed to finally resolve these matters under the terms set forth in the Parties' Settlement Agreement in order to avoid additional litigation costs and attorneys' fees while conclusively ending Plaintiff's potential litigation in an amicable manner. Moreover, Defendants continue to deny that Plaintiff is owed the amounts she has claimed, or any other amounts, from Defendants.

The Parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing were taken into account in the Parties agreeing upon the resolution memorialized in their Settlement Agreement. The Parties further believe there has

been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter. The Parties have entered into the Settlement Agreement because the Settlement Agreement reflects a reasonable compromise of the Parties' dispute regarding actual or potential claims.

## II. <u>ANALYSIS</u>

### A. Standard For Approval of Settlement Agreement.

The Parties desire to resolve Plaintiff's FLSA claims. The two limited circumstances in which FLSA claims may be compromised are: (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c); or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., N.A.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2–3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS, at *4.

**B. The Parties' Settlement is Fair, Just, and Reasonable.**

In this case, the proposed settlement is fair, just, and reasonable. At all times during this litigation, Plaintiff and Defendants have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amounts and the final Settlement Agreement were the subject of arms-length negotiations. The Parties therefore respectfully submit that the Settlement Agreement they have entered into is consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and all of the relevant criteria support approval of the ultimate settlement in this matter.

Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants in this case, and the settlement was ultimately agreed upon after the Parties reviewed the information and documents provided and produced during discovery. Courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their client's rights. Based on the amounts to be paid to Plaintiff, as well as the separate amounts to be paid to Plaintiff's counsel, the Parties believe it is transparent that there was no fraud or collusion. The

probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Finally, the Parties jointly advise the Court that their settlement, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

Accordingly, the Parties request that the Court approve their settlement and find that their Settlement Agreement constitutes a "fair and reasonable [resolution] of a bona fide dispute" under the FLSA. *See Lynn's Food Stores*, 679 F.2d at 1355.

Respectfully submitted this 22nd day of February, 2016,

*/s/ John W. Roper*
John W. Roper
Georgia Bar No. 614159
johnroper@roperlaw.com
THE ROPER LAW FIRM
5353 Veterans Parkway
Suite D
Columbus, GA 31904
(706) 596-5353

Attorney for Plaintiff

*/s/ Julie A. Angelini*
Jerry C. Newsome
Georgia Bar No. 541635
jnewsome@littler.com
Julie A. Angelini
Georgia Bar No. 773931
jangelini@littler.com
LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA 30326.4803
(404) 233-0330

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ADA JUDITH LOPEZ,

Plaintiff,

v.

VALLEY HEALTHCARE SYSTEM, INC. and JENNIFER D.B. MELVIN, individually,

Defendants.

CIVIL ACTION NO. 4:15-cv-00019-CDL

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2016, the foregoing **MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record:

John W. Roper
THE ROPER LAW FIRM
5353 Veterans Parkway, Suite D
Columbus, GA 31904
johnroper@roperlaw.com
Counsel for Plaintiff

*/s/ Julie A. Angelini*
Julie A. Angelini
Counsel for Defendants